UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MODU JAWARA,<br><br>               Petitioner(s),<br><br>   v.<br><br>TODD BLANCHE, et al.,<br><br>               Respondent(s). | CASE NO. C26-1252-KKE<br><br>ORDER PROVISIONALLY GRANTING MOTION FOR A TEMPORARY RESTRAINING ORDER, GRANTING IN PART MOTION FOR EXPEDITED BRIEFING, AND REFERRING CASE TO THE FEDERAL PUBLIC DEFENDER |

This matter comes before the Court on Petitioner's motions for a temporary restraining order ("TRO") and for an expedited briefing schedule and on Respondents' notice of intent to oppose the TRO motion. Dkt. Nos. 1, 2, 7. Petitioner, a native and citizen of Sierra Leone, alleges he has been detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington since August 15, 2025, when he was taken into custody during a regular check-in. Dkt. No. 1 at 1–2. Petitioner, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a TRO motion seeking his release on the ground that his detention has become unlawfully indefinite and that his re-detention by Immigration and Customs Enforcement violated his due process rights. *See id.* at 11–13; Dkt. No. 2 at 2–5. Petitioner also moved for an expedited briefing schedule on his habeas petition. Dkt. No. 1 at 1–6. On April 14, 2026, Respondents filed a notice of intent to oppose the TRO motion and a notice of intent to remove Petitioner to an unspecified country. Dkt. Nos. 6, 7.

For the following reasons, the Court will provisionally enjoin Petitioner's transfer from this jurisdiction, order an expedited deadline for Respondents' return, and refer this case to the Office of the Federal Public Defender.  Petitioner raises serious questions going to the merits of his claim that his re-detention violated due process by, for instance, failing to comply with the regulations governing re-detention of noncitizens subject to an order of supervision.  *See* 8 C.F.R. § 241.13(i); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (discussing "sliding scale" approach to preliminary injunctive relief).  Moreover, while Respondents indicate that Petitioner is scheduled for removal sometime next week, Respondents do not indicate which country they intend to remove him to, whether they intend to remove him to a country not listed on his removal order, or—if applicable—whether they have complied with the due process requirements for third country removals.  *See Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019); *Kumar v. Wamsley*, No. C25-2055-KKE, 2025 WL 3204724, at *2 (W.D. Wash. Nov. 17, 2025).  Indeed, Respondents acknowledge that, given the sequence of filings in this case, Petitioner may need to amend his claims to respond to the notice of intent to remove.  Dkt. No. 7 at 2.

Therefore, to preserve the Court's jurisdiction over this matter pending a resolution on the merits of Petitioner's claims, the Court will provisionally enjoin Petitioner's transfer or removal from the Western District of Washington until further order of the Court.  *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").

Additionally, rather than adjudicate the merits of Petitioner's claims via a TRO motion separate from the underlying petition, the Court will order Respondents to file a return to the petition on an expedited basis—i.e., within one week of this order.  Because Petitioner is

ORDER PROVISIONALLY GRANTING MOTION FOR A TEMPORARY RESTRAINING ORDER, GRANTING IN PART MOTION FOR EXPEDITED BRIEFING, AND REFERRING CASE TO THE FEDERAL PUBLIC DEFENDER - 2

representing himself and filing and receiving materials by mail, Petitioner will have ten days to file his traverse or reply.

Finally, having reviewed the petition and TRO motion, the Court finds that, given of the complex issues involved in this case, the interests of justice require that counsel be appointed for Petitioner. *See* 18 U.S.C. § 3006A. The Court will refer this matter to the Office of the Federal Public Defender for review.

**CONCLUSION**

Accordingly, the Court ORDERS that:

(1) Petitioner's motion for TRO (Dkt. No. 2) is provisionally GRANTED IN PART.

    a. Respondents are PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—without further order of this Court.

(2) Petitioner's motion for expedited briefing (Dkt. No. 1 at 1–6) is GRANTED IN PART. The briefing schedule on Petitioner's habeas petition is AMENDED as follows:

    a. Respondents shall file a return to the petition no later than April 21, 2026.

    b. Petitioner shall file a traverse or reply no later than May 1, 2026.

(3) This matter is referred to the Office of the Federal Public Defender for review.

    a. The Court requests that the Office of the Federal Public Defender review the petition and advise the Court by April 22, 2026, if it will seek appointment in this matter.

Dated this 14th day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER PROVISIONALLY GRANTING MOTION FOR A TEMPORARY RESTRAINING ORDER, GRANTING IN PART MOTION FOR EXPEDITED BRIEFING, AND REFERRING CASE TO THE FEDERAL PUBLIC DEFENDER - 3